ROBERT A. LEITCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leitch v. Commissioner
Docket No. 18545-91
United States Tax Court
T.C. Memo 1993-154; 1993 Tax Ct. Memo LEXIS 152; 65 T.C.M. (CCH) 2362; April 8, 1993, Filed *152 Decision will be entered for respondent. Robert A. Leitch, pro se. For respondent: Carlos Oviedo. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's 1987 Federal income tax in the amount of $ 1,260, plus additions to tax under section 6653(a)(1)(A) in the amount of $ 63 and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the entire deficiency. The issues for decision are: (1) Whether the notice of deficiency was issued after the period of limitations for the assessment and collection of taxes for petitioner's 1987 tax year expired; (2) whether income and expenses reported on a Schedule C are properly reportable as wage income and Schedule A business expenses, *153 respectively; (3) whether petitioner received unreported taxable income during 1987; (4) whether the amount claimed for union dues on petitioner's Schedule A is subject to the 2-percent limitation as provided by section 67; and (5) whether petitioner is liable for the additions to tax determined by respondent. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in City of Industry, California, at the time of the filing of the petition in this case. Petitioner bears the burden of showing that respondent's determinations are erroneous. [2] Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *154 During 1987, petitioner was exclusively employed by the City of Los Angeles (the City) as a senior construction inspector. In order to qualify as a senior construction inspector, petitioner was required to hold various licenses in welding, masonry, concrete, earthquakes, etc. For further description of his duties (as they pertained to 1986) see Leitch v. Commissioner, T.C. Memo. 1989-549, affd. without published opinion 928 F.2d 1137 (9th Cir. 1991). For 1987, petitioner received a Form W-2 from the City which reported in Box 10 that petitioner received taxable wages from the City during such year in the amount of $ 46,702.94. The Form W-2 additionally reported $ 1,251.07 in Box 2 as injury on duty compensation and $ 1,107.08 as nontaxable retirement contributions. Petitioner, on Line 7 of his return, reported wages in the amount of $ 40,447. Respondent determined that such amount should be increased by $ 6,256 (of which petitioner reported $ 2,581 as gross receipts on Schedule C) so as to reflect the $ 46,702.94 reported on the Form W-2 issued by the City. Petitioner reported gross receipts in the amount of $ 2,581 *155 and claimed business expenses in the amount of $ 3,803 on Schedule C of his 1987 return. Petitioner contends that because the City required him to provide his own tools, code books, and various licenses, the City was hiring him, in part, as an independent contractor. Thus, petitioner unilaterally allocated a portion of each paycheck ($ 1.27 per hour) to compensation for his alleged services as an independent contractor, which he then reported on his Schedule C as gross receipts. Period of Limitations
Petitioner contends that the period of limitations for assessment of tax expired prior to the issuance of the notice of deficiency because the letters he received from respondent pertaining to the audit of his 1987 tax year were unclear as to which year was under audit. However, petitioner concedes that the notice of deficiency was mailed by respondent on June 20, 1991, within 3 years of the filing of his 1987 tax return on August 15, 1988. As a general rule, section 6501(a) requires the assessment and collection of a deficiency in tax within 3 years after the return was filed. Section 6503(a)(1) suspends the running of the period of limitations for assessment after the mailing *156 of a notice of deficiency under section 6212(a) until the Tax Court decision becomes final and for 60 days thereafter. Accordingly, we conclude that the notice of deficiency was timely issued as it was mailed within 3 years of the filing of petitioner's 1987 return, and that it tolled the period of limitations for assessing taxes due from petitioner for 1987. Petitioner's contentions as to correspondence during the audit are simply irrelevant to this issue. Schedule C
Respondent determined that petitioner was exclusively a wage-earning employee of the City during 1987, and did not carry on an independent trade or business, as petitioner claimed. Therefore, respondent further determined that the amount reported as gross receipts on petitioner's Schedule C should have been included on Line 7 of petitioner's tax return as wages, and the claimed business expenses were not deductible by petitioner on Schedule C as regular business expenses, but rather should have been claimed on Schedule A as unreimbursed employee business expenses, deductible only to the extent that such expenses exceeded 2-percent of petitioner's adjusted gross income. [3] It is clear that petitioner's method *157 of reporting was solely designed to avoid the limitations of section 67. However, for completeness we will decide whether petitioner, in his relationship to the City, was an independent contractor or an employee. Whether an individual is an employee or an independent contractor is a question of fact. Matthews v. Commissioner, 92 T.C. 351, 360 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990); Professional & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 2.25, 232 (1987), affd. 862 F.2d 751, 753 (9th Cir. 1988). Courts have looked to several factors in deciding whether an employment relationship *158 exists. Among them are the following: (1) The alleged employer's right to control the manner in which the work is to be performed; (2) whether the individual performing the work has an opportunity for profit or loss; (3) the individual's investment in the work facilities; (4) whether or not the service involved requires any special skills; (5) the permanency of the relationship between the parties; (6) whether the service rendered is an integral part of the alleged employer's business; (7) the relationship the parties think they are creating; and (8) whether the alleged employer has the right to discharge the individual. United States v. Silk, 331 U.S. 704, 716 (1947); Simpson v. Commissioner, 64 T.C. 974, 984-985 (1975). The relative importance of these factors must be viewed under the special facts and circumstances of each case. No one factor is controlling. A review of the facts in this case leads us to conclude that petitioner was an employee of the City and that the entire amount received by petitioner from the City constituted wages which are to be reported on Line 7 of his return. Petitioner's activities were *159 conducted under the supervision of the City, the City scheduled his job assignments, and petitioner was paid a salary. Moreover, petitioner received reimbursement for his car expenses and the City issued him a Form W-2 which included the amounts petitioner reported on his Schedule C. As petitioner was solely an employee of the City during 1987, he has not established that he had income and expenses from carrying on a separate trade or business reportable on a Schedule C. Accordingly, we sustain respondent on this issue. Unreported Taxable Income
Petitioner contends that $ 40,447 is the proper amount of taxable wages. He arrived at this amount by deducting from the $ 46,702.94 reflected on the Form W-2, $ 2,581 as allocated Schedule C income, the worker's compensation he received, the retirement contributions he made, and an amount which works out to $ 1,316.79, which he contends he did not receive from the City during 1987. Mr. Cleveland Haynes, Principal Accountant for the Controller's Office, Payroll Department, City of Los Angeles, testified that during 1987 petitioner received gross wages in the amount of $ 46,776.19. Mr. Haynes further testified that the taxable *160 wages appearing in Box 10 ($ 46,702.94) were computed by beginning with gross wages ($ 46,776.19), adding reimbursement for automobile expenses ($ 2,284.90), and subtracting nontaxable worker's compensation ($ 1,251.07) and nontaxable retirement contributions ($ 1,107.08). Payroll records corroborating Mr. Haynes' testimony were introduced into evidence by respondent. Thus, the amount reflected on petitioner's Form W-2 as taxable wages does not include the amounts attributable to nontaxable worker's compensation or retirement contributions. Petitioner is a cash basis taxpayer. As such, he is required to include all items which constitute gross income in the taxable year in which they are actually or constructively received by him. Secs. 1.446-1(c)(1)(i), 1.451-1(a), Income Tax Regs. Petitioner failed to satisfy his burden of proof that the amount reported by the City in Box 10 of Form W-2 was incorrect. Based on this record, we conclude that petitioner received taxable wages in the amount of $ 46,702.94 during 1987. Accordingly, we sustain respondent. Union Dues
Petitioner contends that the $ 597 claimed as union dues is not subject to the 2-percent limitation because *161 he was required to be a member of the union pursuant to California State law. Respondent does not challenge the amount of the deduction, but contends that the deduction is subject to the 2-percent limitation. We agree with respondent. Section 67 disallows deductions for miscellaneous itemized deductions in computing taxable income to the extent that such otherwise allowable deductions do not exceed 2-percent of the individual's adjusted gross income. Miscellaneous itemized deductions subject to the 2 percent floor include unreimbursed employee expenses, such as union dues. Sec. 1.67-1T(a)(1)(i), Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988). Petitioner's contention is without merit. Accordingly, we sustain respondent on this issue. Additions to Tax
Section66543(a)(1)(A) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes an addition to tax of 50 percent of the interest due on the portion of an underpayment attributable to negligence. Negligence is defined as the failure to do what a reasonable and ordinarily prudent *162 person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner also has the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Based on this record, petitioner has utterly failed to establish that he was not negligent. Petitioner was aware of the laws, but chose to ignore such laws because he felt they were unjust. Accordingly, we sustain respondent. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's brief consists, in part, of an attempt to submit additional documents into the record. This procedure is improper and these documents have not been considered in arriving at the decision of the Court. Rule 143(b); Jacobs v. Commissioner, T.C. Memo. 1977-1↩.
3. Petitioner's Schedule C expenses included car and truck expenses of $ 2,330, which amount is not challenged by respondent as being reimbursed by the City. This amount has been properly reflected in the notice of deficiency as deductible on petitioner's tax return under the provisions of sec. 62(a)(2)(A).↩