HOWARD MAXWELL POTTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Potter v. Commissioner
Docket No. 8744-92
United States Tax Court
T.C. Memo 1994-356; 1994 Tax Ct. Memo LEXIS 363; 68 T.C.M. (CCH) 248; July 27, 1994, Filed *363 Decision will be entered for respondent. Howard Maxwell Potter, pro se. For respondent: Jeanne Gramling. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 915 in petitioner's Federal income tax for 1990. [2]
The sole issue for decision is whether petitioner was self-employed or an employee in connection with his services *364 as a lecturer and an instructor for Fayetteville State University (FSU) and Fayetteville Technical Community College (FTCC) in 1990. Some of the facts have been stipulated and are so found. Petitioner resided in Fayetteville, North Carolina, at the time his petition was filed. Petitioner was a lecturer of history, humanities, and political science at FSU and an instructor of history at FTCC during 1990. His principal source of income for 1990 was from his activities as a lecturer and instructor. Petitioner was a temporary or, in his terminology, a "gypsy" professor. He was hired by FSU and FTCC on a class-by-class basis and was not tenured. Contractual agreements for petitioner's services were executed by petitioner and each school for each class which petitioner taught. Contracts specified, directly or by reference, the courses to be taught, teaching hours, location of classes, and method of payment. For the year 1990, petitioner reported the income and related expenses from his teaching activities on Schedule C in the amounts of $ 18,562 and $ 6,315.54, respectively. Respondent determined that petitioner was an employee of FSU and FTCC and further determined that petitioner's *365 claimed expenses related to instruction at the two schools could only be deducted pursuant to section 67(a) as Schedule A miscellaneous itemized deductions, subject to the 2 percent adjusted gross income limitations, rather than section 162 business expenses on Schedule C. Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). On this record, we hold that petitioner has not demonstrated that respondent erred in her determination that petitioner was an employee of FSU and FTCC. Whether a taxpayer is an independent contractor or an employee is decided after examining relevant facts and circumstances and applying common law principles. Nationwide Mut. Ins. Co. v. Darden, 503 U.S.   ,    , 112 S. Ct. 1344, 1348 (1992); Professional & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988); Simpson v. Commissioner, 64 T.C. 974, 984 (1975). Among *366 the relevant factors in determining the substance of an employment relationship are the following: (1) The degree of control exercised by the principal over the details of the work; (2) the taxpayer's investment in facilities; (3) the taxpayer's opportunity for profit or loss; (4) permanency of the relationship between the parties; (5) the principal's right of discharge; (6) whether the work performed is an integral part of the principal's business; (7) what relationship the parties believe they are creating; and (8) the provision of employee benefits. NLRB v. United Ins. Co., 390 U.S. 254, 258 (1968); United States v. Silk, 331 U.S. 704, 716 (1947); Garrett v. Phillips Mills, Inc., 721 F.2d 979, 981 (4th Cir. 1983); Simpson v. Commissioner, supra at 984-985; Leitch v. Commissioner, T.C. Memo. 1993-154; sec. 31.3121(d)-1(c)(2), Employment Tax Regs. (setting forth criteria for identifying common law employees). No one factor is determinative, Community for Creative Non-Violence v. Reid, 490 U.S. 730, 752 (1989), *367 rather all the incidents of the relationship must be assessed and weighed. NLRB v. United Ins. Co., supra at 258; United States v. Silk, supra at 716; Simpson v. Commissioner, supra at 985. The factors should not be weighed equally but should be weighed according to their significance in the particular case. Aymes v. Bonelli, 980 F.2d 857, 861 (2d Cir. 1992); Matt v. Commissioner, T.C. Memo. 1990-209. In the present case the facts have been established by stipulation and by the testimony of petitioner. Application of the factors usually considered in establishing the nature of the working relationship under the circumstances of this case leads to the conclusion that in 1990 petitioner was a common law employee of both FSU and FTCC. Although petitioner characterizes himself as self-employed, his own characterization of his relationship with the schools is not conclusive. Sec. 31.3401(c)-1(e), Employment Tax Regs. Instead, a taxpayer's status as an employee or independent contractor is determined upon an examination *368 of all of the facts of circumstances of the particular case. Sec. 31.3401(c)-1(d), Employment Tax Regs.
1. Degree of Control
The alleged employer's degree of control over the details of the taxpayer's work is the most important factor in determining if a common law employment relationship exists. See Matthews v. Commissioner, 92 T.C. 351, 361 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990). In Reed v. Commissioner, 13 B.T.A. 513, 520 (1928), revd. and remanded 34 F.2d 263 (3d Cir. 1929), revd. per curiam 281 U.S. 699 (1930), the Board of Tax Appeals stated: "the crucial test lies in the right of control, or lack of it, which the employer may exercise respecting the manner in which the service is to be performed and the means to be employed in its accomplishment, as well as the result to be attained." This test is still the master test of an employment relationship. Matthews v. Commissioner, supra at 361; Hawkins v. Commissioner, T.C. Memo. 1993-350. The employment tax *369 regulations state this factor as follows: Generally the relationship of employer and employee exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so.
Sec. 31.3401(c)-1(b), Employment Tax Regs.
All that is necessary is that the principal have the right to control the details of the person's work. McGuire v. United States, 349 F.2d 644, 646 (9th Cir. 1965); Thomas Kiddie, M.D., Inc. v. Commissioner, 69 T.C. 1055, 1058 (1978). It is not necessary for the principal actually to exercise that control. The degree of control necessary for a finding of employee status varies with the nature of the services *370 provided by the worker. Where the inherent nature of the job mandates an independent approach, a lesser degree of control exercised by the principal may result in a finding of an employer-employee status. See Bilenas v. Commissioner, T.C. Memo. 1983-661. In this case, the inherent nature of the job to be done by a "gypsy" professor clearly calls for an independent approach in teaching his classes. Petitioner was free to present the material and instruction in various ways chosen by petitioner. The schools did not provide petitioner with any training, although he did attend one faculty workshop during 1990 in order to qualify to teach a 9-month course. In general, petitioner did not report to the schools concerning classroom activities except his evaluation of the students, which he reported to the schools at the end of each class. Petitioner testified that he was not supervised by the schools except for decorum. The type of work, however, requires very little supervision. The lack of constant supervision by the schools is not determinative of petitioner's status as an employee or an independent contractor. The schools determined which courses *371 petitioner would teach and when and where he would teach them. The schools were responsible for managing enrollment in the courses. Despite the independent approach of petitioner and the loose supervision by the schools, we believe that the schools exercised and retained authority to exercise the control appropriate to the situation and that it was sufficient to render petitioner an employee of the schools. See Bilenas v. Commissioner, supra, in which this Court found that an untenured, adjunct professor was an employee of a college rather than an independent contractor in relation to his teaching activities. 2. Investment in Facilities
Petitioner had no investment in the work facilities. Both FSU and FTCC furnished the classrooms in which petitioner instructed the students enrolled in his courses. Petitioner may have prepared for his instruction off the schools' premises, but he fulfilled his contractual obligations on the premises of the schools. Petitioner had no investment in the facilities at which he performed his services to the schools. 3. Opportunity For Profit or Loss
Petitioner had no opportunity for profit or loss. *372 The amount of pay he received depended only upon the number of classes he taught. Petitioner testified that he was losing money on his teaching activities. This statement by petitioner, however, is not supported by the record. During 1990, petitioner reported income from teaching activities in the amount of $ 12,246 on his joint Federal income tax return. Petitioner had set hours and was paid on an hourly basis by FTCC. Payment on an hourly basis is consistent with an employer-employee relationship. See Laraway v. Commissioner, T.C. Memo. 1992-705. FSU paid petitioner on a class-by-class basis. Payment by the job is consistent with employee status and also with petitioner's argument that he is an independent contractor. In this case, payment by the job in some instances did not afford petitioner any real opportunity for profit but was equivalent to payment for temporary employment. 4. Permanency of the Relationship
Petitioner was hired on a class-by-class basis by both schools. During 1990 petitioner taught two courses at FTCC and 29 credit hours at FSU, broken down by semester as follows: (1) spring semester, 6 credit hours; (2) summer *373 semester, 4 classes with a total of 12 credit hours; and (3) fall semester, 11 credit hours. At the time of this trial petitioner was instructing at six educational institutions. Although the contractual arrangement with the schools did not create an explicit permanent employment relationship, and we do not have full information as to the continuing nature of petitioner's employment by FSU and FTCC in practice, this factor alone is not sufficient to preclude a finding that petitioner was an employee of the schools. Marckwardt v. Commissioner, T.C. Memo. 1991-347. 5. Right of Discharge
Both FSU and FTCC retained the right to discharge petitioner at any time during the contrasts' terms. Petitioner argues that as a practical matter the schools could not fire him before completion of the contract because of likely inconvenience to students and to the schools. Nevertheless, the agreements include specific reference to the possibility of early termination by the schools. This circumstance supports the conclusion that petitioner was an employee. 6. Integral Part of Business
FSU and FTCC are educational institutions. Lecturers, researchers, *374 and professors are the schools' key employees in achieving the schools' educational goals. Petitioner was an integral part of the schools' business of education. The schools were responsible for enrolling students, assigning classes, recording grades, and all other aspects of the students' education. The schools hired petitioner to teach specified classes. Petitioner testified that over 40 percent of all college-level courses in the United States are taught by adjunct professors (like petitioner) and teaching assistants. The contracts between petitioner and the schools concern the regular business of the schools, and petitioner is not engaged in an independent calling in his teaching activities. Petitioner's work for the schools was clearly an integrated part of the schools' overall function, the education of students. 7. Relationship Parties Believed They Had Created
We have no doubt that the parties believed that an employer-employee relationship was established. Petitioner introduced no evidence that FSU or FTCC considered him an independent contractor. Both FSU and FTCC regarded petitioner as an employee. The contracts used to establish the relationship were entitled *375 "Fixed Term Employment Contract" and "Temporary Employment Agreement." Upon execution of those teaching contracts, both schools requested petitioner's signature on Forms W-4 entitled "Employee's Withholding Allowance Certificate." Both FSU and FTCC reported petitioner's salary as "wages" on his Forms W-2. FSU withheld Federal income taxes and FICA taxes from petitioner's salary. FTCC withheld Federal income taxes. Moreover, petitioner did not pay any self-employment taxes for 1990. The withholding of taxes by FSU and FTCC on behalf of petitioner is consistent with a finding that petitioner was an employee of FSU and FTCC. See Packard v. Commissioner, 63 T.C. 621, 632 (1975); Lewis v. Commissioner, T.C. Memo. 1993-635. 8. Provision of Employee Benefits
Petitioner provided little evidence concerning receipt of employee benefits. He testified that he did not receive reimbursement for business or travel expenses. He failed to indicate, however, whether business or travel expenses were necessary for him to fulfill his obligations under the teaching contracts. Petitioner did not introduce other evidence concerning *376 the availability of school health and recreation facilities, medical insurance, or other employee benefits. As noted earlier, petitioner bears the burden of showing that respondent's determination is erroneous. Rule 142(a). We are unable and unwilling to guess about these matters, and, accordingly, we place little weight on this factor. Based on all the facts and circumstances of this case, we hold that petitioner was an employee of FSU and FTCC during 1990. Because petitioner was an employee, he can only deduct expenses related to his teaching activities as miscellaneous itemized deductions under section 67(a). Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner filed a joint Federal income tax return for 1990 with Sarah G. Householder. The notice of deficiency was issued to both petitioner and Sarah G. Householder; however, only petitioner is before this Court.↩