T.C. Summary Opinion 2002-153

UNITED STATES TAX COURT

HENRY A. RABAGO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2504-01S.                   Filed December 11, 2002.

Henry A. Rabago, pro se.

<u>Nicholas J. Richards</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463.[1]  The decision to be entered is not reviewable by any other Court, and this opinion should not be cited as authority.

---

[1]     Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $2,962 and $3,180 in petitioner's Federal income taxes for 1997 and 1998, respectively.

At trial, respondent conceded petitioner's entitlement to a child care credit under section 21 for both years. The issues for decision are: (1) Whether petitioner, during the years at issue, was a statutory employee under section 3121(d)(3)(A), or whether, as respondent contends, a common-law employee under section 3121(d)(2), and (2) whether petitioner is entitled to deductions for either employee business expenses or trade or business expenses under section 162(a).

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are incorporated herein by reference. Petitioner was a legal resident of Lakewood, California, at the time the petition was filed.

For some 12 years, petitioner delivered bakery products to various stores and vendors in his home area for and on behalf of Best Foods, agent for Entenmann's, Inc. (Best Foods). The products petitioner delivered were baked breads and cakes bearing the brand names Oroweat and Entenmann's. Petitioner's duties were to report each morning at approximately 3 a.m. at a distribution facility and load the delivery vehicle provided to him, from which he proceeded to deliver the products to six or seven store locations on a route designated for him. His

delivery schedule was usually completed anywhere between 11:00 a.m. and approximately 1:30 p.m. each day. He generally had no further duties after completing his route, although he could be called upon to supplement a store's supply if the situation warranted. Petitioner did not own the vehicle used in his deliveries, nor was he liable for the gasoline and other operational and maintenance expenses. He was required to punch a time clock each day at the commencement and at the conclusion of his deliveries. He could make deliveries only on the route designated for him by Best Foods. Petitioner was required to bid for any new route or changes to his route. Petitioner was required to become a member of a labor union, the Teamsters, which had a collective bargaining agreement with Best Foods. While on his route, petitioner was required to wear a shirt that bore the logo or trade names of the products he delivered. Petitioner shelved the products he delivered, solicited and accepted sales orders at each location, monitored the needs or requirements of the stores on his route, and filed invoices of his deliveries with Best Foods. Petitioner also removed from each delivery point any stale, unsold, or outdated goods from prior deliveries.

Petitioner did not purchase or own the products he delivered, nor did petitioner have any ownership or investment in

any of the facilities or equipment used in connection with the baked goods he delivered.

For his services, petitioner was paid a base salary plus a commission on the goods he delivered.  His commissions, however, were reduced for any stale or unsold goods that were removed from store shelves.  Petitioner was allowed paid vacation and sick leave.

Each year, including the years at issue, Best Foods issued to petitioner an IRS Form W-2, Wage and Tax Statement, which reflected the net amounts paid to petitioner for his delivery services.  The payments to petitioner were characterized as wages, from which Federal and State income and Social Security taxes were withheld.  Block 15 of the Form W-2, indicating whether petitioner was a statutory employee, was not marked.

On his Federal income tax returns for the 2 years at issue, petitioner reported the income shown on his Forms W-2 as gross receipts from a trade or business activity on a Schedule C, Profit or Loss From Business.  He subtracted from gross receipts an amount for cost of goods sold representing the stale and unsold products he had removed from store shelves during the year.  Petitioner then claimed deductions for expenses incurred in the activity.

In the notice of deficiency, respondent determined that petitioner was a common-law employee, and, as such, his income

constituted salary or wage income and not gross receipts from a trade or business activity. Respondent also disallowed the cost of goods sold adjustment and all the claimed Schedule C expense deductions for lack of substantiation. Respondent made no allowance for deduction of any of the claimed expenses as itemized deductions. The child care credit claimed for both years was disallowed; however, respondent conceded that adjustment at trial. Petitioner's claimed head-of-household filing status under section 2(b)(1) was allowed.

With respect to the first issue, adjusted gross income generally consists of gross income less trade or business expenses, except in the case of the performance of services by an employee. Sec. 62. An individual performing services as an employee may deduct miscellaneous itemized deductions incurred in the performance of services as an employee only to the extent such expenses exceed 2 percent of the individual's adjusted gross income. Sec. 67(a). The deduction for business expenses under section 162 is included in miscellaneous itemized deductions. Sec. 67. The Commissioner has ruled that an individual who is a statutory employee under section 3121(d)(3), which relates to employment taxes, is not an employee for purposes of sections 62 and 67, and, therefore, a statutory employee under section 3121(d)(3) is not subject to the section 67(a) 2-percent limitation for expenses incurred by such employee in the

performance of services as an employee.  Rev. Rul. 90-93, 1990-2

C.B. 33.  Thus, an individual who is a statutory employee under

section 3121(d)(3) is allowed to deduct expenses from gross

income that otherwise would be subject to the 2-percent

limitation of section 67(a).

An employee for employment tax purposes is defined in

pertinent part by section 3121(d) as follows:

> SEC. 3121(d).  Employee.--For purposes of this chapter, the term "employee" means--
>
> (1) any officer of a corporation; or
>
> (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or
>
> (3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person--
>
>> (A) as an agent-driver or commission-driver engaged in distributing meat products, vegetable products, <u>bakery products</u>, beverages (other than milk), or laundry or dry-cleaning services, for his principal; [Emphasis added.]
>
>  *  *  *  *  *  *  *
>
> if the contract of service contemplates that substantially all of such services are to be performed personally by such individual; except that an individual shall not be included in the term "employee" under the provisions of this paragraph if such individual has a substantial investment in facilities used in connection with the performance of such services (other than in facilities for transportation) * * *

An individual is a statutory employee under section 3121(d)(3)(A) only if such individual is not a common-law employee under section 3121(d)(2).

There is no dispute that petitioner was engaged in the distribution and delivery of bakery products as described in section 3121(d)(3)(A). Petitioner, however, did not have a substantial investment in the facilities used in connection with the performance of his services. Moreover, the first part of section 3121(d)(3) states clearly that section 3121(d)(3) applies only to an individual "other than an individual who is an employee under paragraph (1) or (2)". Therefore, it is necessary, for purposes of this case, to view petitioner's situation under section 3121(d)(1) and (2), and, if his situation falls within either of these categories, petitioner cannot qualify as a statutory employee under section 3121(d)(3). An individual is a statutory employee under section 3121(d)(3)(A) only if such individual is not a common-law employee under either section 3121(d)(1) or (2). Lickiss v. Commissioner, T.C. Memo. 1994-103.

Whether an individual is a common-law employee under section 3121(d)(2) is a question of fact. Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988); Simpson v. Commissioner, 64 T.C. 974, 984 (1975). Among the relevant factors in determining the substance

of an employment relationship are the following: (1) The degree of control exercised by the principal over the details of the work, (2) the taxpayer's investment in facilities, (3) the taxpayer's opportunity for profit or loss, (4) permanency of the relationship between the parties, (5) the principal's right of discharge, (6) whether the work performed is an integral part of the principal's business, (7) what relationship the parties believe they are creating, and (8) the provision of employee benefits.  NLRB v. United Ins. Co., 390 U.S. 254, 258 (1968); United States v. Silk, 331 U.S. 704, 716 (1947); Garrett v. Phillips Mills, Inc., 721 F.2d 979, 981 (4th Cir. 1983); Simpson v. Commissioner, supra at 984-985; Leitch v. Commissioner, T.C. Memo. 1993-154; sec. 31.3121(d)-1(c)(2), Employment Tax Regs. (setting forth criteria for identifying common-law employees). No one factor is determinative.  Community for Creative Non-Violence v. Reid, 490 U.S. 730, 752 (1989).  Instead, all the incidents of the relationship must be assessed and weighed.  NLRB v. United Ins. Co., supra at 258; United States v. Silk, supra at 716; Simpson v. Commissioner, supra at 985.  The factors should not be weighed equally but should be weighed according to their significance in the particular case.  Aymes v. Bonelli, 980 F.2d 857, 861 (2d Cir. 1992); Matt v. Commissioner, T.C. Memo. 1990-209.

Based on the facts recited earlier, the Court holds that petitioner was a common-law employee under section 3121(d)(2) and, therefore, was not a statutory employee under section 3121(d)(3). Respondent is sustained on this issue.

The second issue is petitioner's entitlement to deductions for expenses incurred in connection with his employment, as itemized deductions, to the extent such expenses exceed 2 percent of his adjusted gross income each year. Sec. 67(a).

The first item to be considered is the cost of goods sold that petitioner claimed as a reduction of his gross receipts. Petitioner explained at trial that the amounts claimed represented stale, unsold merchandise he removed from store shelves. The Court holds that petitioner is not entitled to such reduction because he had not purchased the products he delivered; consequently, he had no basis in the returned goods. Although petitioner lost the commissions on the returned goods, the Court concludes from the record that the income amounts shown on the Forms W-2 represented the net commissions paid to petitioner after deducting the forfeited commissions. Petitioner, therefore, is not entitled to either a cost of goods sold adjustment or a deduction for forfeited commissions.

The expenses deducted by petitioner on Schedules C for both years were:

|                          | 1997    | 1998    |
|--------------------------|---------|---------|
| Legal and professional   | $2,735  | $2,175  |
| Taxes and licenses       | 104     | 193     |
| Telephone                | 615     | 627     |
| Safety equipment         | 50      | 55      |
| Uniforms                 | 250     | 265     |
| Union dues               | 384     | 396     |
| Office in the home       | 5,574   | 4,912   |
| Charity                  | --      | 850     |
| Totals                   | $9,712  | $9,473  |

Respondent disallowed all the deductions claimed for lack of substantiation. The explanatory schedules in the notice of deficiency state that the deductions were disallowed "because we did not get an answer to our request for information to support your entries." At trial, petitioner presented no documentation to substantiate any of the expenses shown above. He admitted that the amounts listed above for charity were for contributions he made to his church, and the legal and professional expenses were incurred in connection with divorce and custody proceedings against his former wife. These are all personal expenses that are not deductible under section 262. The Court, however, is satisfied from the record that petitioner incurred expenses for union dues and uniforms. Pursuant to Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), the Court allows petitioner a deduction of $75 for each year for uniforms and the amounts of $384 and $396 claimed on the returns as union dues for 1997 and 1998. The Court makes no determination whether these allowed amounts will

provide any tax benefit to petitioner as a result of the applicability of section 67(a). Respondent is sustained in the disallowance of all the other deductions, since petitioner presented no substantiating evidence to support the expenses deducted.[2]

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.

---

[2] Sec. 7491, under certain circumstances, places the burden of production on the Secretary with respect to a taxpayer's liability for taxes, penalties, and additions to tax in court proceedings arising in connection with examinations commencing after July 22, 1998. The record is unclear as to whether the examination of petitioner's returns commenced before or after July 22, 1998. Nevertheless, the burden of proof did not shift to respondent because petitioner did not provide substantiation and credible evidence in connection therewith. Higbee v. Commissioner, 116 T.C. 438 (2001).